# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

SHANON CRUMBLEY,

    Plaintiff,

v.                                              No. 2:20-cv-01153-GJF

CLEE CRUMBLEY et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER TO SHOW CAUSE AND GRANTING LEAVE TO FILE AMENDED COMPLAINT

**THIS MATTER** comes before the Court on pro se Plaintiff's Complaint and Request for Injunction, Doc. 1, filed November 6, 2020 ("Complaint"), and Plaintiff's Application to Proceed in District Court Without Prepayment of Fees or Costs, Doc. 2, filed November 6, 2020.

**Application to Proceed In Forma Pauperis**

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "[A]n application to proceed in forma pauperis should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir.

2008) (citing *Holmes v. Hardy*, 852 F.2d 151, 153 (5th Cir.1988)). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...."  *See Adkins v. E.I.* DuPont *de Nemours & Co.*, 335 U.S. 331, 344 (1948).  While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.  While the district court should not deny a person the opportunity to proceed under 28 U.S.C. § 1915(a) simply because he or she is not "absolutely destitute," the court may deny permission for a person to proceed IFP where his or her monthly income exceeds his or her monthly expenses by a few hundred dollars. *See Brewer v. City of Overland Park Police Department*, 24 Fed. App'x. 977, 979 (10th Cir. 2002) (stating that a litigant whose monthly income exceeded his monthly expenses by a few hundred dollars according to his own accounting appeared to have sufficient income to pay filing fees, and, thus, was not entitled to IFP status).[1]

     Plaintiff signed an affidavit declaring that she is unable to pay the costs of these proceedings but stated that her average monthly income during the past 12 months was $3,500.00 and her average monthly expenses total $2,754.00.  It appears that Plaintiff is able to pay the $400 filing fee because her monthly income exceeds her monthly expenses by $746.00.  The Court grants Plaintiff an opportunity to explain why she is unable to pay the costs of these proceedings which includes allowing her to file an amended Application describing her income and expenses.

---

[1] At the time of the ruling in *Brewer v. City of Overland Park Police Department*, the filing fee for the appeal was $100.00. See 28 U.S.C. § 1913 (2001) Judicial Conference Schedule of Fees. Brewer's monthly income exceeded his monthly expenses by $242.00. *See Brewer v. City of Overland Park Police Department*, No. 01-3055, Appellant's Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees at 3-7 (10th Cir. May 11, 2001).

**The Complaint**

This case arises from disputes between Plaintiff Crumbley and her former spouse Defendant Crumbley involving property, protective orders, a divorce, criminal complaints, and court proceedings. Plaintiff seeks the following relief: (i) "dissolve [Defendant Fowler's] LLC and give me possession of the 2002 Peterbilt which will satisfying [sic] me to dismiss the appeal on the divorce;" (ii) "dismiss the harassment charges that were conspired against me and that will satisfy the other appeal I have with the New Mexico state courts;" (iii) "stop any further harassment from the courts including the protective orders [Defendants] Crumbley & Fowler currently have against me with pending hearings;" (iv) remove Defendant Chief Assistant District Attorney Matthew Bradburn from his position; and (v) "find the accused guilty as charged and sentence as it sees fit." Complaint at 9.

The Complaint fails to state a claim upon which relief can be granted. Plaintiff asserts claims pursuant to various criminal statutes. *See* Complaint at 4 (citing 18 U.S.C. §§ 96, 117, 241, 371, 1117, 1512, 1002, 1346, 1349, 286, 1028, 242). Those criminal statutes do not provide for private civil causes of action. *See e.g. Newcomb v. Ingle,* 827 F.2d 675, 677 n. 1 (10th Cir.1987) (noting § 241 does not authorize a private right of action); *Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

Plaintiff also seeks dismissal of harassment charges and protective orders in state court. Such relief appears to be barred by the *Younger* abstention doctrine which "dictates that federal courts not interfere with state court proceedings ... when such relief could adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999). In determining whether *Younger* abstention is appropriate, the Court considers whether:

> (1) there is an ongoing state ... civil ... proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999).

While it appears that the claims in the Complaint should be dismissed for failure to state a claim or as barred by the *Younger* abstention doctrine, the Court grants Plaintiff an opportunity to file an amended complaint and to show cause why certain claims are not as barred by the *Younger* abstention doctrine.

**IT IS ORDERED** that:

(i) Plaintiff shall, within 21 days of entry of this Order, either (i) show cause why the Court should not deny Plaintiff's Application to Proceed in District Court Without Prepayment of Fees or Costs, Doc. 2, filed November 6, 2020; or (ii) file an amended Application to Proceed in District Court Without Prepayment of Fees or Costs. Failure to timely show cause or file an amended Application may result in denial of Plaintiff's Application to Proceed in District Court Without Prepayment of Fees or Costs.

(ii) Plaintiff may, within 21 days of entry of this Order, file an amended complaint and show cause why certain claims are not barred by the *Younger* abstention doctrine. Failure to timely file an amended complaint or show cause may result in dismissal of this case.

THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE