IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHANON CRUMBLEY,

    Plaintiff,

v.          No. 2:20-cv-01153-GJF

CLEE CRUMBLEY et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND
FOR SECOND AMENDED COMPLAINT**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Amended Complaint and Response to Order to Show Cause and Granting Leave to File Amended Complaint, Doc. 5, filed December 1, 2020.

**Application to Proceed In Forma Pauperis**

The Court did not grant Plaintiff's Application to Proceed in District Court Without Prepayment of Fees or Costs, Doc. 2, filed November 6, 2020, stating that it appeared Plaintiff is able to pay the filing fee because her monthly income sufficiently exceeded her monthly expenses. *See* Mem. Op. and Order to Show Cause and Granting Leave to file Amended Complaint, Doc. 4, filed November 10, 2020 ("Order to Show Cause"). The Court granted Plaintiff an opportunity to explain why she is unable to pay the costs of these proceedings.

Plaintiff described additional expenses and circumstances related to her employment/income which show she is unable to prepay the costs of these proceedings. *See* Response to Order to Show Cause at 4-5. The Court, therefore, grants her Motion to proceed *in forma pauperis*.

**Response to Order to Show Cause**

This case arises from disputes between Plaintiff Crumbley and her former spouse Defendant Crumbley involving property, protective orders, a divorce, criminal complaints, and court proceedings. *See* Complaint, Doc. 1, filed November 6, 2020.

The Court notified Plaintiff that the Complaint failed to state a claim upon which relief can be granted for some of Plaintiff's claims and that other claims appeared to be barred by the *Younger* abstention doctrine which "dictates that federal courts not interfere with state court proceedings ... when such relief could adequately be sought before the state court." *See* Order to Show Cause, Doc. 5, filed November 10, 2020. The Court granted Plaintiff an opportunity to show cause why certain claims are not barred by the *Younger* abstention doctrine and to file an amended complaint.

The Court anticipated that Plaintiff would file two documents: (i) a response to the order to show cause; and (ii) an amended complaint. Plaintiff filed her response and amended complaint in one document which will make it difficult for Defendants to answer.

While the Amended Complaint portion of her Response names four Defendants, it appears that Plaintiff may be asserting claims against other individuals. *See* Response to Order to Show Cause at 2-3 (listing four Defendants). Furthermore, Plaintiff does not clearly state which claims she is asserting against each Defendant and in many cases does not state with particularity what each Defendant did to her and when they did it. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."); *Brooks v. Gaenzle*, 614 F.3d 1213, 1227-28 (10th Cir. 2010) ("while we have said allegations of a conspiracy may form the basis of a § 1983 claim, we have

also held a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants because [c]onclusory allegations of conspiracy are insufficient to state a valid § 1983 claim"). While Fed. R. Civ. P. 8(a) only requires "a short and plain statement of the claim showing that the pleader is entitled to relief," plaintiffs must "state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatwright*, 477 F.3d 1140, 1148 (10th Cir. 2007).

The Court orders Plaintiff to file a second amended complaint which does not include her responses to the Order to Show Cause regarding her motion to proceed *in forma pauperis* and whether certain claims are barred by the *Younger* abstention doctrine. Plaintiff shall state her claims in the second amended complaint "in numbered paragraphs, each limited as far as practicable to a single set of circumstances" as required by Fed. R. Civ. P. 10(b) (stating "If doing so would promote clarity, each claim founded on a separate transaction or occurrence … must be stated in a separate count").

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service of Summons and Complaint on Defendant at this time because the Complaint fails to state a claim. The Court will order service if Plaintiff files: (i) a second amended complaint that states a claim over which the Court has jurisdiction; and (ii) a motion for service which provides Defendants' addresses.

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepayment of Fees or Costs, Doc. 2, filed November 6, 2020, is **GRANTED.**

(ii)   Plaintiff shall, within 21 days of entry of this Order, file a second amended complaint. Failure to timely file a second amended complaint may result in dismissal of this case.

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE