IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHANON CRUMBLEY,

    Plaintiff,

v.                                                                                                        No. 2:20-cv-01153-GJF

CLEE CRUMBLEY et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Second Amended Complaint for Civil Racketeering and Constitutional Rights Violations, Doc. 7, filed January 19, 20201 ("Second Amended Complaint"), Plaintiff's Motion for Appointment of Counsel, Doc. 8, filed January 19, 2021, and Plaintiff's Motion for Service of Summons and Complaint, Doc. 9, filed January 19, 2021.

**Second Amended Complaint**

Because the original Complaint failed to state a claim upon which relief can be granted for some of Plaintiff's claims, and because other claims appeared to be barred by the *Younger* abstention doctrine, the Court granted Plaintiff an opportunity to show cause why certain claims are not barred by the *Younger* abstention doctrine and to file an amended complaint. *See* Doc. 4, filed November 10, 2020. The Court anticipated that Plaintiff would file two documents: (i) a response to the order to show cause; and (ii) an amended complaint. Plaintiff filed her response and amended complaint in one document which will make it difficult for Defendants to answer. *See* Doc. 5, filed December 1, 2020. The Court ordered Plaintiff to file a second amended

complaint which does not include her responses to the Order to Show Cause. *See* Doc. 6, filed December 29, 2020.

Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted against several of the Defendants as described below.

Racketeering

Plaintiff states "[m]y complaint is a violation of 18 U.S.C. 1962(b) – Acquire an Interest in an Enterprise Through Racketeering Activity." Second Amended Complaint at 2. "Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor" to recover threefold the damages she sustains. 18 U.S.C. 1964(c). "To maintain a cause of action under § 1964(c), a plaintiff must plead and ultimately prove: (1) that the defendant violated § 1962; (2) that the plaintiff's business or property was injured; and (3) that the defendant's violation is the cause of that injury." *Safe Streets Alliance v. Hickenlooper*, 859 F.3d 865, 881 (10th Cir. 2017). The allegations in the Second Amended Complaint do not clearly show that any of the Defendants violated § 1962.

Judicial Immunity

The Second Amended Complaint asserts claims against state-court Judges Grijalva and Stewart. *See* Second Amended Complaint at 6, 11, 14 "[S]tate court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction." *Sawyer v. Gorman*, 317 Fed.Appx. 725, 727 (10th Cir. 2008) (*quoting Mireles v. Waco,* 502 U.S. 9, 11-12 (1991)); *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his

authority"). The allegations in the Second Amended Complaint show that the judges' actions, such as holding hearings and issuing orders, were taken in the judges' judicial capacity.

Prosecutorial Immunity

The Second Amended Complaint appears to assert constitutional violation claims against one or more Deputy District Attorneys stating the "state prosecutors dropped every real domestic violence charge [Defendant] Crumbley was brought up on," "dismissed the domestic violence charges on [Defendant Crumbley] without notice," and the "DA's office refused to press charges even with a report containing a witness and court details." Complaint at 8 ¶ 12, 9, 21. "[A] prosecutor is entitled to absolute immunity for those actions that cast him in the role of an advocate initiating and presenting the government's case." *Mink v. Suthers,* 482 F.3d 1244, 1261 (10th Cir. 2007). The allegations in the Second Amended Complaint clearly cast the Deputy District Attorneys in the role of an advocate initiating and presenting the government's case.

Dismissal of State Court Cases

Plaintiff asks the Court to: "Dismiss the new charges that have been placed against me. M-20-MR-202000053 & M-20-VM-202000029." Complaint at 31, ¶ 5. Plaintiff also asks the Court to: "Dismiss the pending case in the court of appeals for harassment. The first scheme Fowler and Crumbley accomplished with Richardson. A-1-CA-38347." Complaint at 32, ¶ 6. The *Younger* abstention doctrine "dictates that federal courts not interfere with state court proceedings ... when such relief could adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999).

Criminal Statutes

The Second Amended Complaint fails to state a claim for violations of 18 U.S.C. § 242, Deprivation of rights under color of law because 18 U.S.C. § 242 is a criminal statute. *See*

Complaint at 7 (stating "Section 242 Title 18 – Deprivation of Rights under Color of Law has taken place").  "[C]riminal statutes do not provide for private civil causes of action." *Kelly v. Rockefeller*, 69 Fed.Appx. 414, 415-416 (10th Cir. 2003); *Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

State Actors

The Second Amended Complaint alleges that Defendants violated Plaintiff's constitutional rights, but some of the Defendants are not state actors.  Section 1983 only authorizes suits against persons acting under color of state law. *See McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011)("Section 1983 provides a federal civil remedy for the deprivation of any rights, privileges, or immunities secured by the Constitution by any person acting under color of state law").  The "state action doctrine requires that the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible and the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Stone v. Elohim, Inc.*, 336 Fed.Appx. 841, 842 (10th Cir. 2009) (quoting *Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 937 (1982)).  "Private persons may be said to act under color of state law if they are jointly engaged with state officials in the challenged action ... But private conduct that is not fairly attributable to the State is simply not actionable under § 1983, however discriminatory or wrongful the conduct is." *Hall v. Witteman*, 584 F.3d 859, 864 (10th Cir. 2009).  A plaintiff can state a cognizable § 1983 claim against private citizens if he adequately alleges that the private citizen defendants conspired with the state actors to violate his federal rights. *See Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005).  "[W]hen a plaintiff attempts to assert the state action required for a § 1983 claim against private actors based on a conspiracy

4

with government actors, 'mere conclusory allegations with no supporting factual averments are insufficient,' [instead] the plaintiff must specifically plead "facts tending to show agreement and concerted action." *Id.*

**Proceeding *in forma pauperis***

Plaintiff is proceeding *in forma pauperis*.  The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2); *see also Webb v. Caldwell*, 640 Fed.Appx. 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim . . . only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend").

While the Complaint can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim, it is not obvious that it would be futile to give Plaintiff an opportunity to amend.

If Plaintiff files a third amended complaint, the paragraphs in the third amended complaint must be numbered.  *See* The District of New Mexico's Guide for Pro Se Litigants at 9 ("The body of the complaint consists of numbered paragraphs").  The District of New Mexico's Guide for Pro Se Litigants (November 2019) is available under the "Pro Se" section on the Court's website: https://www.nmd.uscourts.gov.  The Second Amended Complaint does not list the Defendants. The third amended complaint must clearly identify each Defendant, clearly state which claims Plaintiff is asserting against each Defendant, and include factual allegations supporting those claims.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests"); *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th

Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

**Motion for Appointment of Counsel**

Plaintiff asks the Court to appoint counsel because she has a limited understanding of the law and cannot afford to retain counsel. Plaintiff states: "if there is an attorney who has indicated a willingness to accept such cases on a pro bono basis please refer me to one." Motion to Appoint Counsel at 1.

"[C]ivil litigants have no right to counsel." *Witmer v. Grady County Jail*, 483 Fed.Appx. 458, 462 (10th Cir. 2012). "Factors to be considered in deciding whether to appoint counsel [in a civil case] include the merits of the claims, the nature of the factual issues raised in the claims, the litigant's ability to present the claims, and the complexity of the legal issues raised by the claims." *Spencer v. City of Cheyenne*, 1 Fed.Appx. 863, 865 (10th Cir. 2001). When a Plaintiff is proceeding pursuant to 28 U.S.C. § 1915, "[t]he burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).

The Court denies Plaintiffs' motion to appoint counsel. The Court has ordered Plaintiff to file a third amended complaint. Until the third amended complaint is filed, the Court cannot determine whether there is sufficient merit to Plaintiffs' claims to warrant the appointment of counsel. More importantly, Plaintiff has not cited, and the Court has not found, any legal authority which would allow the Court to appoint counsel in this case. The Court refers Plaintiff to the District of New Mexico's Guide for Pro Se Litigants (November 2019) which, on page 6, lists resources for legal representation.

**Motion for Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service of Summons and Complaint on Defendants at this time because the Second Amended Complaint fails to state a claim against some of the Defendants. The Court will order service if Plaintiff files: (i) a third amended complaint that states claims over which the Court has jurisdiction; and (ii) a motion for service which provides Defendants' addresses.

**IT IS ORDERED** that:

(i) Plaintiff's Motion for Appointment of Counsel, Doc. 8, filed January 19, 2021, is **DENIED.**

(ii) Plaintiff's Motion for Service of Summons and Complaint, Doc. 9, filed January 19, 2021, is **DENIED.**

(iii) Plaintiff shall, within 21 days of entry of this Order, file a third amended complaint. Failure to timely file a third amended complaint may result in dismissal of this case.

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE