# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

SHANON CRUMBLEY,

        Plaintiff,

v.                                                                                     No. 2:20-cv-01153-KWR-GJF

CLEE CRUMBLEY et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Final Amended Complaint of Civil Conspiracy Racketeering to Deprive Me of Life, Liberty and Justice, Doc. 11, filed March 8, 2021 ("Third Amended Complaint"), and Defendant Joann Fowler's Motion to Dismiss Notice of Removal Under Rule 12(b)(6) and Motion to Remand the Case to State Court for Lack of Jurisdiction, Doc. 12, filed March 9, 2021 ("Motion to Dismiss Notice of Removal").  Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915.

**Third Amended Complaint**

This case arises from disputes between Plaintiff Crumbley and her former spouse Defendant Crumbley involving property, protective orders, a divorce, criminal complaints, and court proceedings.  *See* Complaint, Doc. 1, filed November 6, 2020.

Because the original Complaint failed to state a claim upon which relief can be granted for some of Plaintiff's claims, and because other claims appeared to be barred by the *Younger* abstention doctrine, United States Magistrate Judge Gregory J. Fouratt granted Plaintiff an opportunity to show cause why certain claims are not barred by the *Younger* abstention doctrine and to file an amended complaint.  *See* Doc. 4, filed November 10, 2020.  The Court anticipated

that Plaintiff would file two documents: (i) a response to the order to show cause; and (ii) an amended complaint. Plaintiff filed her response and amended complaint in one document which would make it difficult for Defendants to answer. *See* Doc. 5, filed December 1, 2020. Judge Fouratt ordered Plaintiff to file a second amended complaint which does not include her responses to the Order to Show Cause. *See* Doc. 6, filed December 29, 2020.

Judge Fouratt notified Plaintiff that her Second Amended Complaint failed to state a claim: (i) for racketeering, after describing the elements of a racketeering claim and noting that the allegations in the Second Amended Complaint did clearly show that any of the Defendants violated the relevant racketeering statute; (ii) against the Defendant state-court judges because they were entitled to judicial immunity; (iii) against the Defendant state assistant district attorneys because they were entitled to prosecutorial immunity, (iv) for violations of 18 U.S.C. § 242, Deprivation of rights under color of law because 18 U.S.C. § 242 is a criminal statute which does not provide for a private civil cause of action; and (v) for civil rights violations by some Defendants because 42 U.S.C. § 1983 only authorizes suits against persons acting under color of state law and there were no allegations that those Defendants were state actors, after explaining that a plaintiff may state a Section 1983 claim against private person if the plaintiff alleges that the private citizen conspired with state actors and stating that conclusory allegations with no supporting factual averments are insufficient to state a Section 1983 claim based on an alleged conspiracy with government actors. *See* Doc. 10, filed February 12, 2021. Judge Fouratt also notified Plaintiff that her request to dismiss charges against her in state-court cases is barred by the *Younger* abstention doctrine which dictates that federal courts not interfere with state court proceedings when such relief could adequately be sought before the state court. Judge Fouratt granted Plaintiff leave to file a third amended complaint. Judge Fouratt directed:

> If Plaintiff files a third amended complaint, ... The third amended complaint must clearly identify each Defendant, clearly state which claims Plaintiff is asserting against each Defendant, and include factual allegations supporting those claims. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests"); *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

Doc. 10, filed February 12, 2021 at 5-6.

The Third Amended Complaint identifies only two Defendants, Crumbley and Fowler, and refers to them as Plaintiff's "adulterous husband and his mistress." Third Amended Complaint at 4, ¶ 15. Despite Judge Fouratt's direction that the Third Amended Complaint must clearly state which claims Plaintiff is asserting against each Defendant and include factual allegations supporting those claims, the Third Amended Complaint contains mostly conclusory allegations such as Defendants Crumbley and Fowler "calculated a plan to get criminal harassment charges brought against" Plaintiff, obtained a protective order "based on fabricated lies," "conspired and premeditated [Plaintiff's] murder," "didn't notify [Plaintiff] of the planned witnesses" at a hearing in state court," and "a judge that gave a husband and wife owned business to the adulterous husband and his mistress then falsely convicted the victim of the abuse ignoring the proof of the murder plot." Third Amended Complaint at 1-4, ¶¶ 1, 2, 3, 9, 15. The Third Amended Complaint refers, in its title, to "civil conspiracy racketeering to deprive [Plaintiff] of life, liberty and justice," and in the first paragraph alleges Defendants Fowler and Crumbley "caus[ed] [Plaintiff's] right to equal protection under the law and due process ... to disappear," and in paragraph 13 refers to "criminal and vicious acts that have been taken to directly harm me and deprive me of my life, liberty and property." The Third Amended Complaint does not, however, comply with Judge Fouratt's

direction that it "must clearly state which claims Plaintiff is asserting against each Defendant, and include factual allegations supporting those claims."

The Court dismisses this case because the Third Amended Complaint fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2) ("the court shall dismiss the case at any time if the court determines that ...the action ... fails to state a claim on which relief may be granted").

**Motion to Dismiss Notice of Removal**

Defendant Fowler asks the Court to dismiss the Notice of Removal and to remand this case to state court. The Court denies Defendant Fowler's Motion because Plaintiff has not filed a Notice of Removal in this case.

**IT IS ORDERED** that:

(i) This case is **DISMISSED WITHOUT PREJUDICE.**

(ii) Defendant Joann Fowler's Motion to Dismiss Notice of Removal Under Rule 12(b)(6) and Motion to Remand the Case to State Court for Lack of Jurisdiction, Doc. 12, filed March 9, 2021, are **DENIED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**